J-A11014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN ALEXANDER FAIRWEATHER | : | |
| | : | |
| Appellant | : | No. 512 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered February 25, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000505-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN FAIRWEATHER | : | |
| | : | |
| Appellant | : | No. 513 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered February 25, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001631-2017

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JULY 14, 2026**

Sean Fairweather appeals from the judgment of sentence imposed by the Lackawanna County Court of Common Pleas ("trial court") following the revocation of his probation at docket number 505-2013. Fairweather's counsel, Attorney Donna M. DeVita ("Counsel"), seeks to withdraw from

representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). We deny Counsel's petition to withdraw and direct Counsel to file either an advocate's brief or proper ***Anders*** brief and petition to withdraw.

Based upon our disposition, only a brief recitation of the procedural history of this case is necessary. Fairweather pled guilty to possession with intent to deliver ("PWID") and criminal use of a communication facility at docket number 505-2013, and on July 29, 2014, the trial court imposed an aggregate sentence of two years in the State Intermediate Punishment ("SIP") program, followed by five years of special probation.

On March 28, 2016, following Fairweather's violation of the SIP program, the trial court revoked Fairweather's SIP sentence and resentenced him to eighteen to thirty-six months of incarceration, followed by five years of special probation.

In 2017, Fairweather incurred new criminal charges at docket number 1631-2017. His subsequent guilty plea to criminal use of communication facility prompted the trial court to revoke his special probation at docket 505-2013 in April 2018. On May 1, 2018, the trial court imposed an aggregate sentence of twenty-seven to eighty-four months of incarceration in both cases. Specifically, at docket 1631-2017, the trial court imposed a sentence of time served to 36 months of incarceration, followed by 1 year of special probation, with 355 days of credit for time served in the Lackawanna County

Prison between May 12, 2017, and May 1, 2018, prior to sentencing. Trial Court Order (1631-2017), 5/1/2018, at 1. At docket 505-2013, the trial court resentenced Fairweather to eight to twenty-four months of incarceration, followed by one year of special probation, for PWID, and a consecutive term of eight to twenty-four months of incarceration for criminal use of a communication facility. Trial Court Order (505-2013), 5/1/2018, at 1.

According to the trial court, Fairweather began serving his one-year special probation term at docket 505-2016 on July 21, 2024. Prior to its completion, the Commonwealth alleged that Fairweather violated the terms of his special probation as follows: (1) two violations of condition one by failing to report and not leaving the district without written permission; (2) two violations of condition 3A, maintaining regular contact; and (3) one violation of condition 5A, abstaining from controlled substances. In support, the Commonwealth alleged that Fairweather: (1) admitted to traveling outside Scranton to Bedford County on December 18, 2024, and to New York City on December 29, 2024, which GPS confirmed; (2) admitted to failing to report to the Scranton district office as directed on December 26, 2024; (3) admitted to not attending treatment on December 9, 18, and 30, 2024; and (4) on January 5, 2025, tested positive for, and admitted to using on New Years' Eve, controlled substances. This prompted the trial court to issue a capias for Fairweather's detention on January 7, 2025.

At the February 25, 2025 hearing, Fairweather, represented by Attorney Jillian Kochis, stipulated that he had violated his probation. N.T., 2/25/2025, at 2. At the same hearing, the trial court revoked his special probation on the PWID count at docket 505-2016 and resentenced Fairweather to eighteen to thirty-six months of incarceration followed by two years of special probation. *Id.* Because Fairweather's term of special probation at docket 1631-2017 had not commenced, the trial court ordered the previously imposed term of special probation consecutive to 505-2016 to remain in place pursuant to the prohibition against anticipatorily revoking probation set forth in *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021). The trial court awarded him fifty-four days of credit for time served between January 3, and February 25, 2025, on the pre-hearing probation detainer at docket 505-2016. Trial Court Order, 2/25/2025, at 1.

On March 5, 2025, the trial court issued an amended sentencing order indicating that the February 25, 2025 sentencing order would remain in place apart from a typographical error, changing thirty-two months in the written order to the thirty-six months, which it had imposed on the record.

On March 6, 2025, Fairweather filed a counseled motion to reconsider his sentence. In response, the trial court entered an order on March 12, 2025, scheduling a hearing five days later without expressly granting reconsideration. Trial Court Order, 5/12/2025, at 1. Following the March 17,

2025 hearing, the trial court entered an order denying Fairweather's petition for reconsideration.  Trial Court Order, 4/1/2025, at 1.

On April 10, 2025, Fairweather filed pro se a notice of appeal.[1] Subsequently, Counsel entered her appearance on Fairweather's behalf, which

---

[1] Fairweather's filing of a motion to reconsider his sentence did not toll the appeal period.  Pa.R.A.P. 708(E).  Furthermore, because the trial court did not expressly grant reconsideration or vacate its sentencing order when it scheduled a hearing, the appellate clock continued to run.  *See* Pa.R.A.P. 1701(b)(3)(ii) & note; ***Commonwealth v. Coleman***, 721 A.2d 798, 799 n.2 (Pa. Super. 1998); ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000).  Thus, Fairweather's notice of appeal was untimely, as it was filed more than thirty days after the trial court entered the amended sentencing order on March 5, 2025.  *See* Pa.R.A.P. 708(E), 902; ***Commonwealth v. Mumford***, 353 A.3d 247, 255 (Pa. Super. 2026) (stating appeal lies from amended judgment of sentence rather than the original sentence when the trial court amends the sentencing order during the period that it maintains jurisdiction pursuant to 42 Pa.C.S. § 5505).  Generally, this Court lacks jurisdiction over an untimely appeal and we cannot extend the deadline as a matter of grace.  ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002).  However, this Court may excuse untimeliness when "a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights."  ***Commonwealth v. Larkin***, 235 A3d. 350, 354 (Pa. Super. 2020) (en banc).  Here, the trial court did not inform Fairweather on the record of his appellate rights and consequences of the deadlines as required by Rule 708.  *See* Pa.Crim.Pro. 708(D)(3)(a).  While the certified record contains a written notice entitled "***Gagnon II*** Post Sentence Rights" signed by Fairweather, his counsel, and the trial judge on the day of sentencing, this notice does not comply with Rule 708(D)(3)(a).  ***Gagnon II*** Post Sentence Rights, 2/25/2025, at 1-2.  It erroneously refers to Rule 704 and 720—rules with different procedures and timeframes applicable to original sentencing, not resentencing following revocation—and the content in the notice is a mishmash of information derived from Rules 704, 708, and 720. Because the written notice is confusing at best and erroneous at worst, and the trial court did not comply with Rule 708, there has been a breakdown in the operations of the trial court that warrants this Court retaining jurisdiction over the untimely-filed appeal.

the trial court acknowledged in an order dated July 2, 2025.[2] Both Fairweather and the trial court complied with Pa.R.A.P. 1925.

Subsequently, Counsel filed an ***Anders*** brief and petition to withdraw in this Court. In the brief, Counsel identifies three potential issues: (1) whether the trial court erred in awarding 54 days of time credit instead of 355 days; (2) whether the trial court erred or abused its discretion in resentencing Fairweather after he already completed his term of probation; and (3) whether the trial court abused its discretion by imposing a harsh and excessive sentence of eighteen to thirty-six months of incarceration and a consecutive term of two years of special probation after revoking his probation for technical violations. ***Anders*** Brief at 4. The Commonwealth filed an appellee's brief. Fairweather filed pro se responses to both.

When faced with an ***Anders*** brief filed by court-appointed counsel,[3] we may not review the merits of the underlying issues or allow counsel to withdraw without first deciding whether counsel has complied with the

---

[2] Despite Counsel's entry of appearance, Fairweather submitted a bevy of pro se filings to this Court prior to Counsel filing the ***Anders*** brief. With limited exception, Pa.R.A.P. 121(g) prohibits pro se filings while a litigant is represented by counsel of record. This Court noted his attempts on the docket and forwarded them to Counsel pursuant to Rule 121(g) and ***Commonwealth v. Jette***, 23 A.3d 1032 (Pa. 2011).

[3] This Court has applied the ***Anders***/***Santiago*** requirements to court-appointed counsel in probation revocation and resentencing matters. ***See, e.g., Commonwealth v. Dempster***, 187 A.3d 266, 268 (Pa. Super. 2018) (en banc).

requirements set forth in ***Anders*** and ***Santiago***. ***Commonwealth v. Orellana***, 86 A.3d 877, 879 (Pa. Super. 2014). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on [a]ppellant's behalf).

***Commonwealth v. Woods,*** 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Additionally, our Supreme Court set forth precisely what an ***Anders*** brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or the statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

If counsel has substantially complied with the above requirements, we proceed to address the issues raised in the *Anders* brief. *Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015). If we determine that those issues are, in fact, frivolous , and the appellant has availed himself of his right to file a pro se or counseled response raising issues he believes are both meritorious and overlooked by *Anders* counsel, we treat the filing as an advocate's brief and examine the points raised therein. *Id.* Because we cannot act as appellant's counsel, our review is limited only to issues raised and developed in the pro se reply. *Id*.

Following our review of Counsel's submission, we conclude that she has not fulfilled all the requirements outlined above. Counsel identifies only issues Fairweather wishes to be raised that were raised in his motion to reconsider his sentence. *See Anders* Brief at 11. She does not set forth in the *Anders* brief any issues that might arguably support the appeal or indicate that there are no such issues as *Santiago* requires. *See Santiago*, 978 A.2d at 360.

In her discussion of both the time credit claim and the issue regarding the expiration of his probationary term, Counsel indicates that she "understands" the trial court's ultimate conclusions and purports to withdraw the first two issues from this Court's consideration on Fairweather's behalf. *See Anders* Brief at 17-18. This is improper, as even if Counsel deems such issues to be frivolous, as outlined above, she has an obligation to "refer to anything in the record that counsel believes arguably supports the appeal …

- 8 -

and … state counsel's reasons for concluding that the appeal is frivolous." **Santiago**, 978 A.2d at 361. When arriving at her conclusion, Counsel simply echoes the trial court's conclusion without citing to or discussing any relevant authority and without articulating the relevant facts of record that led her to the conclusion that this issue was frivolous. **See Anders** Brief at 17-18. Moreover, Fairweather has the right to pursue such issues pro se or by hiring new counsel. **See Woods**, 939 A.2d at 898.

Counsel's understanding of the trial court's rationale is not the standard. Counsel has an obligation to demonstrate to this Court that she independently verified that the trial court used the correct calculations and applied the correct law, such that any contest would be frivolous. **See Santiago**, 978 A.2d at 360 (noting that the purpose of an **Anders** brief is to "assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous"). This discussion need not be extensive, but it should do more than restate the trial court's conclusion.

Additionally, Counsel's conclusion regarding the third issue is equivocal. She states the trial court "did not necessarily impose a harsh and excessive sentence" and that the "issue may be frivolous," which at least suggests that Counsel could marshal an argument to advocate for her client's position even if she believes her client's chance of success is slim. An issue that **may** be frivolous is not the same as one that is "wholly frivolous," such that counsel

determined "that the appeal lacks any basis in law or fact." ***Santiago***, 978 A.2d at 356 (citation omitted); ***Orellana***, 86 A.3d at 882 ("[T]hat the argument advanced is unlikely to ultimately prevail ... does not mean that the appeal is wholly frivolous.").

Moreover, the controlling case law and the statute on point cited by Counsel reveals that she applied outdated law to arrive at her conclusion that Fairweather's claim was frivolous. The General Assembly substantially amended section 9771 through the passage of Act 44, which took effect on June 11, 2024. ***See Commonwealth v. Seals***, 353 A.3d 747, 757 (Pa. Super. 2026) (en banc). We acknowledge that Counsel filed the ***Anders*** brief on January 6, 2026, without having the benefit of this Court's analysis of Act 44 in ***Seals*** and other decisions. Nonetheless, the version of section 9771 to which Counsel cites was not the version in effect at the time of Fairweather's February 25, 2025 resentencing and had not been in effect for some time. ***See Anders*** Brief at 19 (quoting version of 42 Pa.C.S. § 9771 effective prior to June 11, 2024). The cases cited by Counsel in this section apply the prior version of the statute without any analysis from Counsel as to whether they apply after the statute's amendments. ***See id.***

Because Counsel's brief fails to comply with the requirements of ***Anders*** and ***Santiago***, we deny Counsel's motion to withdraw. Counsel shall, within sixty days, either (1) re-file the application to withdraw along with an ***Anders***/***Santiago*** brief that fully complies with the requirements for

withdrawal or (2) file an advocate's brief on Fairweather's behalf. If an

**Anders** brief is filed, Fairweather and the Commonwealth may file a brief in

response thirty days thereafter. If an advocate's brief is filed, the

Commonwealth may file a brief within thirty days of Counsel's filing of the

brief.[4]

Petition to withdraw denied. Pro se application to file a supplemental

brief denied. Panel jurisdiction retained.

---

[4] Based upon our disposition, Fairweather's pro se application to file a supplemental brief is denied as moot.